UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, | |
| Plaintiff, | |
| v. | Civil Action No. 25-1535 (APM) |
| DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

## <u>ANSWER</u>

Defendants, the United States Department of Justice ("DOJ"), the United States Department of Homeland Security ("DHS"), and the United States Department of State ("State"), hereby answer the Complaint filed May 14, 2025, by Plaintiff Democracy Forward Foundation (ECF No. 1) under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

Defendants admit Plaintiff brought action against the Defendants under the Freedom Information Act, 5 U.S.C. § 552 ("FOIA"), purporting to seek to compel compliance with FOIA. Defendants deny that filing this action was necessary to compel compliance with FOIA.

## Jurisdiction and Venue

1.      Defendants admit that this Court has jurisdiction over claims properly brought under FOIA, as limited by the relief available under FOIA.

2.      Defendants admit that they are headquartered within Washington, D.C., which is within this District, that a substantial part of the events or omissions occurred here, and that venue is proper in this Court.  Defendants otherwise deny the remaining allegations within Paragraph 2.

## Parties

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4.      Defendants admit DOJ is a federal agency of the United States within the meaning of the FOIA statute, and is headquartered in Washington, D.C.  The remainder of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, denied.

5.      Defendants admit that DHS is a federal agency of the United States within the meaning of the FOIA statute, and is headquartered in Washington, D.C.  The remainder of this

---

[1]      For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint.  Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

6.    Defendants admit that State is a federal agency of the United States within the meaning of the FOIA statute, and is headquartered in Washington, D.C. The remainder of this paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

### Facts

7-16.   To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

*Agreements and Directives Request (All Defendants)*

17.    Defendants admit that Plaintiff sent substantively identical FOIA requests (minus the differences in custodians) to each of the Defendants. Defendants respectfully refer the Court to the Freedom of Information Act requests for a full and accurate statement of their contents. Defendants admit that Plaintiff sent the FOIA requests on or about March 26, 2025.

18.    Admitted. Defendants respectfully refer the Court to the FOIA requests for a full and accurate statement of their contents.

19.    Admitted. Defendants respectfully refer the Court to the Mail Referral Unit (MRU)'s April 1, 2025, letter for a full and accurate statement of its contents.

20.     Admitted.  Defendants respectfully refer the Court to DOJ's Office of Information Policy's ("OIP") April 2, 2025, acknowledgment letter for a full and accurate statement of its contents.

21.     Admitted as of the date the Complaint was filed.  Defendants aver that OIP's processing of this request is ongoing, and OIP had no further communications with Plaintiff regarding this request as of the date the Complaint was filed.

22.     Admitted.  Defendants respectfully refer the Court to the acknowledgement letter delivered to Plaintiff on April 7, 2025, for a full and accurate statement of its contents.

23.     Admitted.  Defendants respectfully refer the Court to the email delivered to Plaintiff on April 9, 2025, for a full and accurate statement of its contents.

24.     Defendants admit that, as of the date the Complaint was filed, State has not communicated with Plaintiff further with respect to this request and avers that processing of Plaintiff's request is ongoing.

25.     Defendants admit that in a letter dated April 14, 2025, DHS acknowledged and assigned this request reference number 2025-HQFO-03130.

26.     Defendants admit that, as of the date the Complaint was filed, Plaintiff had not received any further communication from DHS since April 14, 2025, regarding the request assigned reference number 2025-HQFO-03130.

*DHS Leadership Messages Request (2025-HQFO-03131)*

27.     Defendants admit that DHS received Plaintiff's FOIA request dated March 26, 2025.  Defendants respectfully refer the Court to the FOIA request dated March 26, 2025, for a full and accurate statement of its contents.

28.     Defendants admit that Plaintiff's FOIA request dated March 26, 2025, sought records from January 20, 2025, through the date of the search. Defendants respectfully refer the Court to the FOIA request dated March 26, 2025, for a full and accurate statement of its contents.

29.     Defendants admit that in a letter dated March 28, 2025, DHS acknowledged and assigned this request reference number 2025-HQFO-03131.

30.     Defendants admit that in a letter dated April 1, 2025, DHS sent a final response to Plaintiff's request assigned reference number 2025-HQFO-03131, indicating that no responsive records were identified.

31.     Defendants admit that DHS received Plaintiff's appeal dated April 2, 2025. Defendants respectfully refer the Court to the appeal letter for a full and accurate statement of its contents.

32.     Defendants admit that in a letter dated March 28, 2025, DHS acknowledged and assigned Plaintiff's appeal reference number 025-HQAP-00402.

33.     Defendants admit that, as of the date the Complaint was filed, Plaintiff had not received any further communication from DHS since May 2, 2025, regarding the request assigned reference number 2025-HQFO-03131 and the appeal assigned reference number 025-HQAP-00402.

*DOJ Leadership Messages Request (FOIA-2025-03594)*

34.     Admitted. Defendants respectfully refer the Court to the FOIA request dated March 26, 2025, for a full and accurate statement of its contents.

35.     Admitted. Defendants respectfully refer the Court to the FOIA request dated March 26, 2025, for a full and accurate statement of its contents.

36.     Admitted.  Defendants respectfully refer the Court to OIP's April 2, 2025, acknowledgment letter for a full and accurate statement of its contents.

37.     Admitted as of the date the Complaint was filed.  Defendants respectfully refer the Court to OIP's April 2, 2025, acknowledgment letter for a full and accurate statement of its contents.

*State Leadership Messages Request (F-2025-13426)*

38.     Admitted.  Defendants respectfully refer the Court to the FOIA request received by State on March 26, 2025, for a full and accurate statement of its contents.

39.     Admitted.  Defendants respectfully refer the Court to the FOIA request received by State on March 26, 2025, for a full and accurate statement of its contents.

40.     Admitted.  Defendants respectfully refer the Court to the acknowledgement letter delivered to Plaintiff on April 2, 2025, for a full and accurate statement of its contents.

41.     Defendants admit that State had not communicated with Plaintiff further with respect to this request as of the date the Complaint was filed and avers that processing of Plaintiff's request is ongoing.

*Exhaustion of Administrative Remedies*

42.     The allegations in this paragraph are Plaintiff's legal conclusions, to which no response is required.

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

43.     Defendants' responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

44.    The allegations in this paragraph are Plaintiff's legal conclusions, to which no response is required.

## REQUEST FOR RELIEF

The remaining paragraphs of the Complaint, including paragraphs re-numbered 1–6, contain Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

### THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

### FOURTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated: June 18, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____*/s/ Douglas C. Dreier*_____
    DOUGLAS C. DREIER, D.C. Bar #1020234
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2551

*Attorneys for the United States of America*