# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
FOUNDATION,

    Plaintiff,

v.

U.S. DEPARTMENT OF
JUSTICE, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:25-cv-1535

## DECLARATION OF MALLORY D. ROGOFF

Pursuant to 28 U.S.C. § 1746, I, Mallory D. Rogoff, declare and state as follows:

1.      I am the Agency Records Officer for the U.S. Department of State ("Department"), within the Shared Knowledge Services ("A/SKS") office of the Bureau of Administration. I have served in this position since March 24, 2024. I am the Secretary's delegated records officer who is responsible for coordinating and overseeing the implementation of the Department's Federal Records Act program. I also ensure formal training is provided to all Department personnel on the policies for managing records and their recordkeeping responsibilities.

2.      I am familiar with the efforts of Department personnel to preserve federal records, and I am in charge of developing policies and procedures that meet the Department's Federal Records Act objectives.

3.      The Department's policies and federal law require that any federal records created or received on non-governmental systems or servers be transferred to Department systems and

servers within 20 days. These records include Signal messages, WhatsApp messages, text messages, and similar messages. The Department's record-keeping policies and procedures, contained in the State Department's Volume 4, Section 435(a), of the Foreign Affairs Manual, state: "All Department personnel who use non-Government electronic messaging (eMessaging) applications or platforms on any device to conduct official Department business must ensure that any messages containing federal records are properly captured, exported, and transferred to a Department-approved system, such as a state.gov email address, in compliance with federal records management requirements." Detailed instructions are provided to all personnel on how to properly capture, export, and transfer such messages.

4.      Further, the Department maintains a robust records-management training and briefing program which regularly communicates those obligations to all personnel, including and especially, Capstone officials (i.e., senior-level policy-making officials), whose records are considered permanent. Capstone officials' staff are regularly trained and briefed on those obligations, policies, and procedures for preservation, as well. Secretary Rubio and his staff, including Counselor Mike Needham (who is also Chief of Staff to the Secretary), are considered Capstone officials and have received this training.

5.      As of July 21, 2025, the Department also installed LeapXpert on certain senior officials' government-furnished devices, including Secretary Rubio's government-issued mobile phone. LeapXpert is a third-party record-keeping compliance platform used to capture and enable archiving of all communications in identified third-party applications, including Signal, on electronic devices. The platform captures text, files, images, emojis, stickers, and metadata across all identified third-party applications, and keeps a unified record of conversations. The metadata which is captured includes, timestamps; sender, recipient, and conversation-participant

2

information; subject lines; and all other metadata present. The application archives all messages sent and received, regardless of whether the sender configures a message to "auto-delete."

6.      In the Department's use of the platform, LeapXpert has been configured to automatically archive data from designated senior officials' government-issued devices into eRecords, the Department's NARA-approved, official system of record and archive for electronic communications. Once archived in eRecords, all of Secretary Rubio's records are maintained on a permanent basis, as he is a Capstone official.

7.      In addition to the above steps and procedures with which I am familiar, I have personally been involved in and submitted declarations in similar litigations concerning the preservation of Secretary of State Marco Rubio's Signal messages. In the course of my involvement with those litigations, I have confirmed that litigation holds beginning as early as March 27, 2025, were communicated to the Office of the Secretary informing the Secretary and his staff that the law requires the Department to preserve information relevant to this issue in whatever form it was generated and to maintain that information until the conclusion of the matter. Those hold memoranda emphasize that it is critically important that the recipient not delete or otherwise destroy any information that could potentially be relevant to ongoing litigation. The memoranda's instructions have immediate effect.  The requirements of the litigation hold memoranda are continuing and apply to all documents and data, in whatever form.

8.      The Office of the Secretary responded in writing to acknowledge the obligations in those memoranda, and committed to comply with them.  They also confirmed that images of Signal chats in the possession of the Office of the Secretary have been captured and will be preserved, and that no records in the possession of the Office of the Secretary are currently under threat of deletion.  Additionally, the Office of the Secretary has confirmed that Secretary Rubio

3

does not use the auto-deletion functions in third party messaging applications when sending communications that may include federal records.

9.      The Secretary's staff has also confirmed that the collection of preserved records potentially responsive to Department FOIA Request No. F-2025-13426 will be completed by July 31, 2025 and stored in a unique case file in the Department's eRecords system.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of July 2025, Washington, D.C.

Mallory D. Rogoff

4