IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-1535 (APM) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered December 4, 2025, Plaintiff, Democracy Forward Foundation ("DFF"), and Defendants, the U.S. Department of Justice ("DOJ"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of State ("State"), respectfully submit this joint status report which updates the Court on the processing and production of responsive material.

1. This case concerns six FOIA requests submitted on or about March 26, 2025. Plaintiff filed the Complaint on May 14, 2025, and Defendants filed their Answer on June 18, 2025. Broadly speaking, the FOIA requests at issue seek records related to the invocation of the Alien Enemies Act and the detention of individuals in El Salvador, as well as the text and Signal messages of certain high-ranking government officials. *See* Compl. ¶¶ 17, 27, 34, 38, ECF No. 1.

2. DOJ reports as follows:

    a. FOIA-2025-03592: As previously reported, DOJ completed the search and is in the process of conducting a responsiveness and de-duplication review of

1

approximately 38,500 potentially responsive individual documents and emails identified through the search. Once that review is completed, it will begin processing records and providing responses on a rolling basis. Given the volume of potentially responsive records identified, the parties have conferred about potential narrowing measures that could speed processing. On January 12, 2026, DOJ provided Plaintiff a list containing the estimated number of initial search hits per custodian and indicating suggested custodians that could be scoped out of the search based on those results. Plaintiff responded with narrowing measures that go beyond DOJ's proposed measures to substantially reduce hit counts and expedite production. In light of the significant narrowing, Plaintiff asks that DOJ begin producing records or provide a processing date by the time of the next JSR.

        b.      FOIA-2025-03594: DOJ is continuing to identify the locations of any potentially responsive records and will provide a further update in the next JSR. Due to competing workload demands, however, DOJ has been unable to complete the search to date, as Plaintiff requested in the previous JSR. Plaintiff notes that since the September 23 JSR, there has been no substantive update on the status of DOJ's search efforts for this request concerning the message records of only three custodians on limited platforms and/or topics. Plaintiff reiterates its request that, at a minimum, DOJ complete its search and collection by the time of the next status report.

    3.    DHS reports as follows:

        a.      2025-HQFO-03130: DHS issued the final response on July 17, 2025. DHS reviewed a total of 17 pages, of which 2 pages were duplicative, 9 pages were released in full, and 6 pages were withheld in part pursuant to FOIA Exemption (b)(5). The

15 pages released were Bates stamped DHS-001-01535-000001 through DHS-001-01535-000015.

      b.      2025-HQFO-03131: DHS completed its supplemental search and located potentially responsive records. DHS is conducting a responsiveness review of the records collected and will begin processing records and releasing any responsive, non-exempt portions on a rolling basis. DHS will be amenable to discussing a reasonable processing schedule after completing its relevancy review. Plaintiff requests that DHS provide the number of potentially responsive records identified through the supplemental search as well as a date for completion of its relevancy review by the time of the next JSR.

    4.      State reports as follows:

      a.      F-2025-13423: State has completed its active collection from bureaus and offices. As anticipated in the previous joint status report, State has completed its additional search of the Department's email system. As such, State is conducting a responsiveness review of the records collected and will begin processing records and releasing any responsive, non-exempt portions on a rolling basis. State will be amenable to discussing a reasonable processing schedule after its relevancy review is complete. In the last JSR, Plaintiff requested that State complete the responsiveness and de-duplication review by the time of this status report, and that State propose a processing schedule, as well. State reports that it has completed de-duplication of the documents and continues its responsiveness review of the potentially responsive documents its search returned. State will update Plaintiff and discuss a processing schedule when a sufficient volume of responsive material has been identified. Plaintiff requests that State at least provide a processing date by the time of the next JSR.

    b.  F-2025-13426: On November 21, 2025, State issued its response to Part 1 of the Plaintiff's request, F-2025-13426. State is still conducting a responsiveness review with respect to Part 2. Plaintiff requested that State process these records by the time of this status report. Plaintiff noted that on September 9, 2025, State declared to this Court that it had collected only 14 records (Signal threads) potentially responsive to Part 2 of Plaintiff's request. *See* ECF No. 24-1 ¶ 7. State is processing these records, including interagency consultation, and will update Plaintiff as soon as practicable. Plaintiff reiterates its request that State process these 14 records by the time of the next JSR.

*  *  *

  17.  The parties will continue to work in good faith to narrow or resolve any other disputes. At this point, it is premature to determine whether summary judgment briefing will be necessary.

  18.  The parties respectfully request that their next joint status report regarding the processing of potentially responsive records be due February 12, 2026.

| | |
|---|---|
| Dated: January 12, 2026 | Respectfully submitted, |
| */s/ Amy C. Vickery* | BRETT A. SHUMATE |
| AMY C. VICKERY* (admitted pro hac vice) | Assistant Attorney General |
| DANIEL A. MCGRATH (D.C. Bar No. 1531723) | Civil Division |
| ROBIN F. THURSTON (D.C. Bar No. 7268942) | ELIZABETH J. SHAPIRO |
| Democracy Forward Foundation | Deputy Director |
| PO Box 34553 | Federal Programs Branch |
| Washington, DC 20043 | |
| (202) 448-9090 | */s/ Amber Richer* |
| avickery@democracyforward.org | AMBER RICHER (CA Bar No. 253918) |
| dmcgrath@democracyforward.org | Trial Attorney, U.S. Department of Justice |
| rthurston@democracyforward.org | Civil Division, Federal Programs Branch |
| | 1100 L Street, NW |
| | Washington, DC 20005 |
| | Ph: (202) 514-3489 |
| | Email: amber.richer@usdoj.gov |
| *Counsel for Plaintiff* | *Counsel for Defendants* |