**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                           )
DEMOCRACY FORWARD                          )
FOUNDATION,                                )
                                           )
       *Plaintiff*,                        )
                                           )
              v.                           )    Civil Action No. 1:25-cv-1535 (APM)
                                           )
U.S. DEPARTMENT OF JUSTICE et al.,         )
                                           )
       *Defendants*.                       )
_____  )

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered January 13, 2026, Plaintiff, Democracy Forward Foundation ("DFF"), and Defendants, the U.S. Department of Justice ("DOJ"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of State ("State"), respectfully submit this joint status report which updates the Court on the processing and production of responsive material.

1.    This case concerns six FOIA requests submitted on or about March 26, 2025. Plaintiff filed the Complaint on May 14, 2025, and Defendants filed their Answer on June 18, 2025. Broadly speaking, the FOIA requests at issue seek records related to the invocation of the Alien Enemies Act and the detention of individuals in El Salvador, as well as the text and Signal messages of certain high-ranking government officials. *See* Compl. ¶¶ 17, 27, 34, 38, ECF No. 1.

2.    DOJ reports as follows:

       a.    FOIA-2025-03592: As previously reported, DOJ completed the search and identified approximately 38,500 potentially responsive individual documents

1

and emails. The parties agreed to limit the number of custodians searched, which reduced the number of potentially responsive individual documents and emails to approximately 9,000. DOJ is in the process of conducting a responsiveness and de-duplication review of these 9,000 potentially responsive documents and emails. DOJ anticipates completing this review by the end of February 2026. Following completion of that review, DOJ will share a page count of responsive material and will begin processing records and providing responses on a rolling basis, as all relevant consultations have been completed.

        b.     FOIA-2025-03594: DOJ reports that it cannot conduct a remote search for the types of records sought by Plaintiff in this request. DOJ has been conferring directly with relevant officials in the Offices of the Attorney General and Deputy Attorney General to ascertain whether responsive material exists. Due to competing workload demands, however, DOJ has been unable to complete the search to date, as Plaintiff requested in the previous JSR. DOJ reports that it will use best efforts to complete the search by March 31, 2026.

        3.     DHS reports as follows:

        a.     2025-HQFO-03130: DHS issued the final response on July 17, 2025. DHS reviewed a total of 17 pages, of which 2 pages were duplicative, 9 pages were released in full, and 6 pages were withheld in part pursuant to FOIA Exemption (b)(5). The 15 pages released were Bates stamped DHS-001-01535-000001 through DHS-001-01535-000015.

        b.     2025-HQFO-03131: DHS completed its supplemental search and located potentially responsive records. DHS has completed its responsiveness review and identified 38 pages responsive to this request. DHS currently anticipates processing these

pages for release by Friday, March 13, 2026. DHS notes, however, that a potential lapse in appropriations could delay processing.

4.     State reports as follows:

a.     F-2025-13423: State has completed its active collection from bureaus and offices and its additional search of the Department's email system. Currently, State is continuing to conduct a responsiveness review of the records collected, as previously reported, but believes it is in a position to begin processing records and releasing any responsive, non-exempt portions on a rolling basis. State anticipates being able to make its first interim production on or around April 9, 2026. State proposes to make interim productions on a rolling basis every six weeks thereafter, attempting to process at least 450 pages of potentially responsive material in each of those six-week time periods.

b.     F-2025-13426: On November 21, 2025, State issued its response to Part 1 of the Plaintiff's request, F-2025-13426. State reports that it is still conducting a responsiveness review, processing clearances, and conducting external consultations with third agencies with respect to Part 2. State is processing these records, including interagency consultation, and will update Plaintiff as soon as practicable. State reports that it will use best efforts to issue a response to this request on or around April 9, 2026.

**Plaintiff's Statement:**

5.     Plaintiff writes separately to note that Defendant DOJ committed to using its best efforts to complete its search for records potentially responsive to request FOIA-2025-03594 (DOJ Leadership Messages Request) by March 31, 2026,[1] and State

---

[1] The records sought by this request—text messages, including Signal messages, of Attorney General Pam Bondi, Deputy Attorney General Todd Blanche, and Chief of Staff Chad Mizelle on specified platforms and/or topics—concern matters of ongoing public

committed to using its best efforts to process the 14 records (Signal threads) that State declared on September 9, 2025 it collected pursuant to Part 2 of F-2025-13426 (State Leadership Messages Request)[2] so that it can issue a response on or around April 9, 2026. Based on these representations, Plaintiff is refraining from requesting Court intervention requiring them to take these actions by an earlier date. It has been 11 months since Plaintiff first submitted these FOIA requests. Plaintiff does not now seek Court intervention concerning requests FOIA-2025-03594 and F-2025-13426, but may do so in the future if Defendants DOJ and State do not make meaningful progress along the specified timelines.

\*       \*       \*

6.      The parties will continue to work in good faith to narrow or resolve any other disputes. At this point, it is premature to determine whether summary judgment briefing will be necessary.

7.      The parties respectfully request that their next joint status report regarding the processing of potentially responsive records be due March 16, 2026.

---

concern. For example, among the specified key terms in this request are "Boasberg," "Court Order," "CECOT," "TdA," and "AEA." Compl. ¶ 34. The "date-of-search" is the presumptively reasonable search cut-off-date in FOIA cases; and there have been many material developments since Plaintiff submitted this request. *See, e.g.*, Mem. Op., *J.G.G., et al., v. Trump*, 25-cv-00766 (JEB) (D.D.C. Dec. 22, 2025), ECF No. 215 (certifying a class of Plaintiffs who were removed to El Salvador on March 15, 2025, holding that this class was denied their due-process rights, and ordering the Government to facilitate their ability to obtain a hearing); *see also* Daniella Silva & Gary Grumbach, *Venezuelans sent to Salvadoran prison can be returned to U.S. with a court order, DOJ says* (Feb. 9, 2026), https://www.nbcnews.com/news/us-news/former-detainees-el-salvador-prison-request-hearing-rcna258208.

[2] *See* ECF No. 24-1 ¶ 7.

Dated: February 12, 2026

Respectfully submitted,

_/s/ Amy C. Vickery_____
AMY C. VICKERY* (admitted pro hac vice)
DANIEL A. MCGRATH (D.C. Bar No. 1531723
ROBIN F. THURSTON (D.C. Bar No. 7268942)
Democracy Forward Foundation
PO Box 34553
Washington, DC 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rthurston@democracyforward.org

_Counsel for Plaintiff_

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

_/s/ Amber Richer_____
AMBER RICHER (CA Bar No. 253918)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Ph: (202) 514-3489
Email: amber.richer@usdoj.gov

_Counsel for Defendants_