IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE et al., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 1:25-cv-1535 (APM) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order entered April 17, 2026, Plaintiff, Democracy Forward Foundation ("DFF"), and Defendants, the U.S. Department of Justice ("DOJ"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of State ("State"), respectfully submit this joint status report which updates the Court on the processing and production of responsive material.

1.     This case concerns six FOIA requests submitted on or about March 26, 2025. Plaintiff filed the Complaint on May 14, 2025, and Defendants filed their Answer on June 18, 2025. Broadly speaking, the FOIA requests at issue seek records related to the invocation of the Alien Enemies Act and the detention of individuals in El Salvador, as well as the text and Signal messages of certain high-ranking government officials. *See* Compl. ¶¶ 17, 27, 34, 38, ECF No. 1.

2.     DOJ reports as follows:

a.     FOIA-2025-03592: DOJ has completed its responsiveness and de-duplication review and has identified ninety-six pages containing records responsive to

1

Plaintiff's request. OIP has completed its initial processing of these records. OIP referred thirty-five pages to DHS for processing and direct response to Plaintiff. The remaining pages have all been sent out on consultation to other Department components and/or Executive Branch entities. OIP is waiting for the last consultation return, noting that OIP requested a consultation return date of May 8, 2026, and cannot issue any responses until the consultation process is completed. The consulted entity informed OIP that it anticipates returning the consultation by May 22. As previously reported, DOJ will provide responses on a rolling basis, as all relevant consultations are completed.

        b.      FOIA-2025-03594: DOJ has issued interim responses concerning two of the three officials identified in the request. DOJ has been conferring directly with relevant officials in the Offices of the Attorney General and Deputy Attorney General to ascertain whether responsive material exists. DOJ previously reported that it will use best efforts to complete the search by March 31, 2026. Due to competing workload demands, however, DOJ has been unable to complete the search to date for the then-Deputy Attorney General (now Acting Attorney General). Plaintiff reiterates its request that DOJ complete its search and collection of records responsive to this request ahead of the next JSR.

        3.      DHS reports as follows:

        a.      2025-HQFO-03130: As previously reported, DHS issued the final response on July 17, 2025. Plaintiff sent an identical FOIA request separately to DOJ, which DOJ's OIP assigned tracking number FOIA-2025-03592. Compl. ¶¶ 17, 21, 25. OIP reports above that it has referred thirty-five pages to DHS for processing and direct response to Plaintiff. Plaintiff asks that DHS advise when it anticipates issuing a response concerning these thirty-five referred pages.

b.      2025-HQFO-03131: DHS previously reported that it had completed its responsiveness review and identified 38 pages responsive to this request. DHS anticipates issuing a response by June 30, 2026.

4.      State reports as follows:

a.      F-2025-13423: State has completed its active collection from bureaus and offices and its additional search of the Department's email system. State is continuing to conduct a responsiveness review of the records collected, as previously reported. State currently estimates approximately 5,600 pages of potentially responsive material have been identified thus far, although more pages will likely be identified as the responsiveness review is completed. State will continue to process records and release any responsive, non-exempt portions on a rolling basis, with the goal of processing at least 450 pages every six weeks. State anticipates completing its processing of the next 450 pages and issuing the next interim response on or about May 21.

b.      F-2025-13426: On November 21, 2025, State issued its response to Part 1 of the Plaintiff's request, F-2025-13426. With respect to Part 2, due to the press of business, State was unable to issue a response by April 9, as previously anticipated, despite best efforts. State is processing these records, including interagency consultation, and will update Plaintiff as soon as practicable. State previously reported that it anticipated issuing a response to this request on or around April 30, 2026, however, State needs additional time and is not currently in a position to provide a revised date. For reasons set forth below, Plaintiff has included a Plaintiff's statement seeking the court's intervention in the processing of this request. In response to Plaintiff's request, if the Court is inclined to issue

3

a processing order with respect to FOIA Request No. F-2025-13426, State would request that it have until at least June 22, 2026, to issue a response.

 **Plaintiff's Statement:**

5.      Plaintiff writes separately to respectfully request that the Court require State to process the small volume of 14 records potentially responsive to request F-2025-13426 on a reasonable timeline—by June 15, 2026—after the agency's repeated delays in processing those records. The records have been collected for more than eight months, and State has repeatedly missed its own proposed production dates. Plaintiff seeks a reasonable, but firm, schedule for processing this small volume of records after an extended period of delay. In the alternative, if the Court does not wish to order State to process these records for production at this time, Plaintiff respectfully requests that State provide basic information concerning the entities consulted on the records and timelines for consultation.

6.      On September 9, 2025, more than eight months ago, State declared that it had identified a small volume of 14 Signal records potentially responsive to Plaintiff's request for records reflecting the group names, participants, and deletion timelines or any Signal chats that Secretary of State Marco Rubio and/or his Chief of Staff Mike Needham used for agency business. Compl. ¶ 38.[1] These records were the subject of Plaintiff's preservation order motion, and State declined to provide Plaintiff with information concerning the deletion timelines within the records. *See* October 31, 2025 JSR, at ¶¶ 17-20, ECF No. 27.

---

[1] This request also seeks Secretary Rubio and Chief of Staff Needham's text messages, including Signal and similar messages, containing terms that would likely concern the Trump Administration's El Salvador rendition policy. Compl. ¶ 38. As noted in the Parties' joint statement, on November 21, 2025, State issued its response to this part of Plaintiff's request.

7.      For nearly five months after identifying this small volume of Signal records, State reported no progress in its processing as Plaintiff repeatedly followed up in an effort to resolve this issue without the Court's intervention and obtain access to records of significant public interest.

8.      On February 11, 2026, State informed Plaintiff that it would endeavor to process the 14 records in a further 2 months, by April 9, 2026. Based on this representation, Plaintiff informed State it would not seek court intervention to set a processing schedule. *See* February 12, 2026 JSR, at ¶ 5, ECF No. 30.

9.      State did not process or produce any of these Signal records by April 9th. Instead, State extended its response date to April 30th. Based on this revised representation, Plaintiff again informed State it would not seek court intervention to set a processing schedule. *See* April 16, 2026 JSR, at ¶ 5, ECF No. 32.

10.     But State did not process or produce any of these Signal records by April 30th, and now has informed Plaintiff that it "is not currently in a position to provide a revised date." State has previously represented that it is conducting external consultations and requires clearances, without identifying the consulted agencies or components or when records were sent to them for consultation. State has not provided Plaintiff or the Court with any other explanation for its delay in processing this small volume of records.

11.     Given the extended period of delay in processing these records, Plaintiff asks that the Court require State to process and produce responsive, non-exempt portions of these 14 Signal chat records by June 15, 2026. This deadline would be more than nine months after State collected these records and more than two months after the date State first proposed production date. Agencies regularly produce, and courts in this District have

5

found reasonable, processing rates of 500 pages or more per month. *See e.g.*, Minute Order, *Democracy Forward Found. v. U.S. Dep't of Justice*, No. 25-cv-1210-AHA (D.D.C. Apr. 7, 2026) (ordering defendant to process at least 500 pages per month); Minute Order, *Burleigh v. FCC*, 25-1298-ABV (D.D.C. Dec. 8, 2025) (ordering Defendant to complete processing and production of 900 remaining pages in 39 days).[2]

12.     In the alternative, if the Court does not wish to require State to complete processing by June 15, 2026, Plaintiff requests that the Court require State to file a Defendants' status report by June 1, 2026 in which it must 1) identify all executive branch agencies and components consulted with respect to these 14 Signal records; 2) provide the date on which those agencies were first consulted or sent records for consultation; and 3) provide the date by which State proposes to process the 14 Signal records in the absence of a court-ordered deadline. Plaintiff will file a proposed order.

*     *     *

13.     The parties will continue to work in good faith to narrow or resolve any other disputes. At this point, it is premature to determine whether summary judgment briefing will be necessary.

7.     The parties respectfully propose to submit their next joint status report by June 23, 2026.

---

[2] *See also* Joint Status Report at 1-2, *Judicial Watch v. Dep't of Justice*, No 16-cv-2046 (D.D.C. Apr. 17, 2017) and Minute Order, *Judicial Watch v. Dep't of Justice*, No. 16-cv-2046 (D.D.C. Apr. 19, 2017) (approving a production rate of 500 pages per month); *Republican Nat'l Comm. v. U.S. Dep't of State*, No 16-cv-486, ECF No. 14 (July 5, 2016) (ordering a 500 pages per month until complete); *Energy Future Coalition v. Office of Mgmt. & Budget*, No. 15-cv-1987, ECF No. 30 (ordering a review of 500 pages per month and production of any responsive documents each month until it has produced all responsive records it has gathered).

Dated: May 18, 2026                                    Respectfully submitted,


  *Amy C. Vickery*_____        BRETT A. SHUMATE
AMY C. VICKERY* (admitted pro hac           Assistant Attorney General
vice)                                        Civil Division
DANIEL A. MCGRATH (D.C. Bar No.
1531723                                      ELIZABETH J. SHAPIRO
ROBIN F. THURSTON (D.C. Bar No.              Deputy Director
7268942)                                     Federal Programs Branch
Democracy Forward Foundation
PO Box 34553                                  */s/ Amber Richer*_____
Washington, DC 20043                         AMBER RICHER (CA Bar No. 253918)
(202) 448-9090                               Trial Attorney, U.S. Department of Justice
avickery@democracyforward.org                Civil Division, Federal Programs Branch
dmcgrath@democracyforward.org                1100 L Street, NW
rthurston@democracyforward.org               Washington, DC 20005
                                             Ph: (202) 514-3489
*Counsel for Plaintiff*                       Email: amber.richer@usdoj.gov

                                             *Counsel for Defendants*